LUCIEN R. BAILEY, Respondent, *v.* JOHN H. BERGEN, as Executor, etc., Appellant.

This action was brought upon a promissory note made by C. and indorsed for his accommodation by defendant's testator. The firm in which C. was a partner made an assignment for the benefit of creditors to plaintiff, giving preferences, defendant's testator being one of the preferred creditors. Defendant claimed that plaintiff had collected, as assignee, sufficient to pay the preferred debts. This claim was disputed and there had been no settlement of plaintiff's accounts, as assignee. *Held,* that defendant could not, in this action, compel an application by plaintiff of the funds in his hands, as assignee, toward the payment of the note; that the amount in his hands applicable for that purpose could only be determined by an accounting, and the assignee was entitled to have his entire account settled in one accounting, which should protect him against all the parties who could claim under the assignment; he could not be compelled to account separately to each creditor.

(Argued November 14, 1876; decided November 21, 1876.)

APPEAL from judgment of the General Term of the Supreme Court in the fourth judicial department, affirming a judgment (except as to costs) in favor of plaintiff entered upon the report of a referee. (Reported below, 2 Hun, 520.)

This action was upon the indorsement by defendant's testator, Maria F. Bergen, of a promissory note for $1,000, made by W. N. Cross, and upon which said Maria F. Bergen was an accommodation indorser.

The answer set up, among other things, that the note was made, indorsed and transferred to plaintiff in payment of, or as collateral security for, an antecedent debt of the firm of Cross & Wilson, of which firm the maker was a partner; that thereafter said firm made an assignment for the benefit of creditors to plaintiff, who accepted the trust; that under and by the assignment plaintiff and said Maria F. Bergen were preferred creditors, and that the assets collected and received by plaintiff were more than sufficient to pay in full all the preferred creditors. Upon the trial the assignment was produced and received in evidence. Plaintiff had given credit

on the note for $422.31 received under the assignment.
Defendant's counsel offered to prove, in substance, the allega-
tion of the answer. The evidence was excluded, under objec-
tion and exception, and the referee directed judgment for the
balance of the note. Judgment was perfected accordingly.

*John H. Bergen, Jr.,* for the appellant. Plaintiff having
received the note from the maker acquired only such rights as
he had. (*Hoge* v. *Lansing,* 34 N. Y., 136 ; *Cent. Bk.* v. *Ham-
mett,* 50 id., 148.) The reversal, so far as costs were concerned,
was correct. (2 R. S., 90 ; Code, §§ 41, 317 ; *Buckhart* v.
*Hunt,* 16 How., 407 ; *Snyder* v. *Young,* 4 id., 217 ; *Van Vliet*
v. *Burroughs,* 6 Barb., 341 ; 22 Wend., 571 ; *Fort* v. *Gooding,*
9 id.; 388 ; *Russel* v. *Lane,* 1 id., 519 ; *Bullock* v. *Bogardus,*
1 Den., 276 ; *Baggatt* v. *Bongler,* 2 Duer., 160 ; *Belden* v.
*Knowlton,* 3 Sandf., 758 ; *Merritt* v. *Thompson,* 27 N. Y.,
225 ; *Knapp* v. *Center,* 6 Hill, 386 ; *Mersereau* v. *Rogers,* 12
How., 301 ; *Woodruff* v. *Cook,* 14 id., 481 ; *Parkhill* v. *Still-
man,* 12 id., 353 ; *Marsh* v. *Hussey,* 4 Bosw., 614.)

*Geo. Bowen* for the respondent. · An action at law cannot
be sustained by an individual creditor against an assignee for
his proportionate share under the assignment until the sum
he is entitled to receive has been ascertained by a proceeding
binding on the trustee. (1 Wait's Pr., 116 ; Burr. on Assmts.,
537 ; *Wakeman* v. *Grover,* 4 Paige, 23 ; *Rogers* v. *Rogers,* 3
id., 379.) The answer does not contain the proper allegations
to entitle defendant to an accounting. (*Garvey* v. *Jarvis,* 54
Barb., 179.) Mrs. Bergen had no right to take any affirma-
tive proceeding until she had paid the debt. (*Elwood* v.
*Diefendorf,* 5 Barb., 398 ; *Jones* v. *East, etc.,* 21 id., 161, 176 ;
*Powell* v. *Smith,* 8 J. R., 240.)

*Per Curiam.* The court is of opinion that the defendant
cannot, in this action, compel the plaintiff to apply the funds
in his hands, as assignee of Cross & Wilson, to the extinguish-
ment of Mrs. Bergen's liability, as indorser of the note, upon

which the action was brought. If the accounts of the plaintiff, as assignee, had been settled and he had in his hands an admitted or established balance, it may be that, to avoid circuity of action, he could be compelled now to make the application. But such is not the case. The amount in his hands applicable to the indemnity of Mrs. Bergen, as indorser, is not admitted and can only be ascertained by an accounting of the assignee, and he is entitled to have his entire account as such settled in one accounting which shall protect him against all the parties entitled to claim under the assignment. He cannot be called upon to account separately to each creditor or class of creditors. If his account were settled, as between him and the estate of Mrs. Bergen in this action, other creditors would not be bound by such accounting. The claim which he is prosecuting is due to him in his own individual right. It is true that the executor of Mrs. Bergen, if he pays the claim, can compel the repayment to him of a *pro rata* share of the balance in plaintiff's hands, as assignee, when ascertained, but for the reasons before stated we do not think that balance can be ascertained in this action.

The judgment should be affirmed.

All concur.

Judgment affirmed.